**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


JASON P. BROWN,                  :
                                 : Civil Action No. 08-6385 (JBS)
          Plaintiff,             :
                                 :
                                 :
          v.                     :   OPINION
                                 :
R. KERR, et al.,                 :
                                 :
          Defendants.            :
```

**APPEARANCES:**

    JASON P. BROWN, Plaintiff <u>pro</u> <u>se</u>
    #03541-015
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**SIMANDLE**, District Judge

    Plaintiff Jason P. Brown, a federal prisoner currently incarcerated at the FCI Fairton in Fairton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I.   BACKGROUND

Plaintiff, Jason P. Brown ("Brown"), brings this civil action against the following defendants: Rodney L. Karr, the associate warden at FCI Fairton; Elizabeth D. Skedzielewski, the educational supervisor at FCI Fairton; and David Crain, Education Staff member at FCI Fairton.  (Complaint, Caption, ¶¶ 4b, 4c and 4d).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Brown alleges that, on August 8, 2008, he was in the prison library using a typewriter in the early morning to prepare his Notice of Appeal in a then-pending civil action in this District Court, namely, Brown v. Camden County Counsel, et al., Civil No. 06-6095 (JBS).[1]  Defendant Dave Crain, a staff member in the library/education department at FCI Fairton, came up to Brown and asked plaintiff where he got the typewriter pinwheel.  Brown

---

[1] This Court notes that a Notice of Appeal was filed on August 14, 2008, in Civil No. 06-6095 (JBS), at docket entry no. 71.

2

replied that the pinwheel was in the typewriter when he signed out for it in the law library.

Crain then told plaintiff that he was going to write an incident report on Brown for unauthorized use of the typewriter pinwheel. Brown gave the pinwheel to Crain with his ID to retrieve another pinwheel, but Crain refuse to issue another pinwheel. Brown went to another prison official to complain about the threatened incident report, and was told no incident report had been filed at that point. Brown was told to speak with Lieutenant Anderson later that afternoon, which he did. Lt. Anderson told Brown that the incident report had been "expunged" and that there was no reason he could not use a typewriter.

On August 9, 2008, around noontime, Brown went to the prison law library and asked to use a typewriter. He was told that he was restricted from using the typewriter for a six-month time period, effective immediately. Brown filed an administrative remedy form to informally resolve this matter. Brown was told that he could use a typewriter only if he first signs out for a pinwheel from defendant Crain.

On August 22, 2008, Brown filed an administrative remedy form BP-9 concerning the restrictions on his use of a typewriter. On September 2, 2008, plaintiff met with Education Supervisor Skedzielewski to discuss the BP-9 administrative remedy he filed. Skedzielewski told Brown that there was no need to pursue his

administrative remedy because the typewriter had been removed from the library indefinitely on August 18, 2008, and was being replaced with Alpha Smart processors.

On or about September 2, 2008, Brown filed a tort claim arising from the August 8, 2008 incident.  He claims a loss of $7.25 from his purchase of a typewriter ribbon on August 4, 2008, which he can no longer use.  He also claims $10,000,000.00 to compensate him for alleged personal injury from the loss or restriction of typewriter use for a certain period of time.

On October 7, 2008, the Regional Counsel for the Federal Bureau of Prisons' ("FBOP") Northeast Regional Office wrote to plaintiff acknowledging receipt of his federal tort claim.  The Regional Counsel also wrote to inform Brown that his claim was being rejected because he did not provide "sufficient information that would enable an investigation" of the claim.  Further, the claim was rejected because plaintiff "only allege[d] negligence involving loss of property of a deminimis value."  The letter stated that Brown could resubmit his claim with more specificity as to any negligent acts by FBOP staff causing a more than <u>de minimis</u> injury.

Brown resubmitted his claim on or about October 15, 2008. On December 12, 2008, Regional Counsel responded by rejecting the tort claim for lack of any new information with specificity and because plaintiff did not state a cause actionable under the

4

Federal Tort Claims Act.  Plaintiff then filed this Complaint on or about December 31, 2008.

Brown seeks punitive and compensatory damages in the amount of $10,000,007.25, alleging deliberate indifference by defendants.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting

6

Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

A.  Access to Courts Claim Under Bivens

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution.  In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of

the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[2]  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn.

---

[2]  Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Here, this Court construes plaintiff's claim concerning the restriction on his use of a typewriter as an access to courts claim. Courts have recognized different constitutional sources for the right of access to the courts. Principally, the right of access derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[3] The right of access to the courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of

---

[3] The right of access to the courts is an aspect of the First Amendment right to petition. McDonald v. Smith, 472 U.S. 479, 482 (1985); Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). The Supreme Court also found that "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also, Hudson v. Palmer, 468 U.S. 517, 523 (1984)("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); Bounds v. Smith, 430 U.S. 817 (1977); Wolff v. McDonnell, 418 U.S. 539, 576 (1974). The right of access to the courts might also arise under the Sixth Amendment's right to counsel; however, under the circumstances of the present case, the Sixth Amendment clearly is not implicated.

9

fundamental constitutional rights to the Courts." Id. at 825. "'[T]he touchstone ... is meaningful access to the courts.'" Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988)(*quoting* Bounds, 430 U.S. at 823)(internal quotation omitted).

In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000). But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-

10

appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. See Lewis, 518 U.S. at 348-51, 354-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

Here, Brown fails to allege any actual injury as a result of the alleged denial of access to the prison law library typewriter for several weeks. He was able to file his Notice of Appeal in Civil Action No. 06-6095 (JBS) several days after the restriction went into effect. He also was able to file this Complaint in a timely manner, and he does not articulate how the restrictions on

11

his use of the law library typewriter has hindered his efforts to either pursue this claim, file administrative grievances, or file any motions or appeals in any civil or criminal proceedings. Therefore, based on the allegations as set forth in the Complaint, Brown's claim alleging denial of access to the law library typewriter will be dismissed without prejudice for failure to state a claim at this time.

B.  Federal Tort Claim

Next, this Court construes Brown's Complaint as asserting a federal tort claim.  Federal tort claims are generally brought pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.  A federal prisoner may pursue a remedy for deprivation of property or personal injury due to the negligence or wrongful act of a federal employee under the FTCA.  See 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30.  The person wrongly deprived may present an administrative claim for damages to the appropriate federal agency.  28 U.S.C. § 2672.  If the administrative claim is ultimately denied, or is not disposed of within six months of filing, the claimant may then file suit in the appropriate district court under the FTCA.  28 U.S.C. § 2675(a).

The FTCA gives a district court exclusive jurisdiction over civil actions

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused

12

> by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963).  However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies.  See  28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091.  Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six

months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993). The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

Thus, to exhaust administrative remedies before the Federal Bureau of Prisons ("FBOP"), a federal inmate must submit his tort claim for a sum certain to the FBOP's Regional Office in the region where the claim occurred. 28 C.F.R. § 543.31(b). The Regional Counsel is authorized to deny the claim, propose to the claimant a settlement, or forward the claim with recommendations to the Office of General Counsel. 28 C.F.R. § 543.31(d). The General Counsel is required to consider the merits of a claim that has not been denied or settled by Regional Counsel. 28 C.F.R. § 543.31(e). Agency action is final upon either (1) the denial of a claim by Regional Counsel or General Counsel, or (2) their failure to finally dispose of the claim within six months from the date of filing. 28 C.F.R. § 543.31(f), (g). An inmate must file his FTCA action in the district court within six months of the date that the notice of final denial of the claim is mailed to him by the agency. 28 U.S.C. § 2401(b).

Here, Brown appears to suggest that he has exhausted his administrative remedies in order to bring this action in federal court. He attaches two letters from the Regional Counsel for the Northeast Regional Office of the FBOP, dated October 7, 2008 and December 12, 2008. Both letters acknowledge receipt of Brown's federal tort claim, but inform Brown that he fails to state an actionable claim under the FTCA because he has not provided sufficient information to show more than de minimis injury. Both letters appear to allow Brown the opportunity to resubmit his claim with additional information to state a federal tort claim and show more than de minimis injury. Brown's FTCA claim is premature because he must first provide more specific information to the Regional Office so that it can process his administrative tort claim. If his claim is perfected and granted, he need not file any suit. If his claim is perfected and denied, he can file his FTCA claim as provided by law. Therefore, this Court finds that Brown has not exhausted his administrative remedies under the FTCA before bringing this lawsuit, and this federal tort claim will be dismissed without prejudice accordingly.[4]

---

[4] This Court further notes that the only proper defendant in an FTCA claim is the United States. See 28 U.S.C. § 1346(b)(1). However, pursuant to the FTCA, the United States shall be substituted for an employee(s) as a defendant in any common law tort action if the employee(s) was acting within the scope of his or her employment. See 28 U.S.C. § 2679(d)(1). The Attorney General may file a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident. See 28 U.S.C. § 2679(d)(1); see

V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.


                                   s/ Jerome B. Simandle
                                   JEROME B. SIMANDLE
                                   United States District Judge

Dated:  **July 1, 2009**

---

also Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994).  Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant.  See id.  Consequently, in the event that Brown exhausts his administrative remedies and returns to this District Court asserting a federal tort claim, he should name the United States as a defendant.